Lauren M. Rule (OSB # 015174)
Elizabeth H. Potter (OSB # 105482)
Andrew R. Missel (OSB # 181793)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org
amissel@advocateswest.org

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **WATERWATCH OF OREGON, NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, and **WILDEARTH GUARDIANS**, | **Case No. 3:20-cv-00413-HZ** |
| Plaintiffs, | **PLAINTIFFS' PARTIAL OPPOSITION TO PROPOSED INTERVENOR OREGON FARM BUREAU FEDERATION'S MOTION TO INTERVENE** |
| v. | |
| **U.S. ARMY CORPS OF ENGINEERS** and **R.D. JAMES, in his official capacity as Assistant Secretary of the Army (Civil Works)**, | |
| Defendants. | |

## PARTIAL OPPOSITION TO OREGON FARM BUREAU'S MOTION TO INTERVENE

Plaintiffs WaterWatch of Oregon, Northwest Environmental Defense Center, and

WildEarth Guardians hereby submit this partial opposition to the Oregon Farm Bureau

Federation's ("OFBF") motion to intervene (ECF No. 28). It is Plaintiffs' position that OFBF is

not entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), but Plaintiffs do not oppose the Court permitting OFBF to intervene under Rule 24(b) for all post-preliminary injunction proceedings. However, Plaintiffs are opposed to allowing OFBF to participate at the preliminary injunction stage, because doing so would introduce needless redundancy that would burden both Plaintiffs and the Court.

I.    **OFBF's Interests Are Adequately Represented by Existing Parties, So It Does Not Qualify for Intervention as of Right Under Rule 24(a)**

To qualify for intervention as of right under Federal Rule of Civil Procedure 24(a), OFBF must show (among other things) that its interests may not be adequately represented by the existing parties. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011). "If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. To rebut the presumption, an applicant must make a compelling showing of inadequacy of representation." *Id.* at 898 (citations and internal quotation omitted).

Given the nature of this litigation, the "ultimate objective" of OFBF is necessarily *precisely the same* as the "ultimate objective" of Federal Defendants and proposed intervenors Oregon Water Utility Council ("OWUC")[1]: all want this particular reallocation plan to move forward and be approved by Congress. *See Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006) ("Here, the ultimate objective for both defendant and intervenor-defendants is upholding the

---

[1] Technically, OWUC is not an "existing party," because the Court has not yet granted its motion to intervene. However, it is appropriate to consider OWUC's interests in determining whether OFBF's interests are adequately represented in this case, because OWUC filed its intervention motion first. *See Fla. Key Deer v. Brown*, 232 F.R.D. 415, 416 (S.D. Fla. 2005) (discussing how all but the first-filed motion to intervene had been denied because there was no indication that the later proposed intervenors had interests different from the first proposed intervenor), *judgment aff'd sub nom. Fla. Key Deer v. Paulison*, 522 F.3d 1133 (11th Cir. 2008). Indeed, Plaintiffs did not oppose OWUC's participation in this case, as noted in OWUC's motion. OWUC Motion to Intervene (ECF No. 19) at 2.

validity of Measure 26."). This case is not about the *merits* of the reallocation plan, it is simply about the *timing* of the reallocation plan. Federal Defendants, OWUC, and OFBF are in complete agreement that the timing of the plan is appropriate and that the plan as is should move forward. It is irrelevant that their interests may diverge when it comes to the substance of the reallocation plan, because that is not at issue in this case.

OFBF's arguments as to why its interests are not adequately represented in this litigation are unconvincing. First, OFBF has not shown that Federal Defendants will not adequately represent its interests. OFBF states that "[c]ourts consistently recognize that, although a governmental entity and a private entity intervenor may occupy a similar litigation posture, the government does not adequately represent the intervenor's interests." OFBF Motion to Intervene (ECF No. 28) at 12. OFBF has it backwards: when a proposed intervenor shares the same interests as a governmental party, there is a particularly strong presumption of adequacy of representation that can be overcome only by a "very compelling showing." *Prete*, 438 F.3d at 957 (citations omitted). OFBF attempts to make this showing by characterizing its interests and the interests of Federal Defendants with a high a level of generality that fails to reflect how their respective general interests actually manifest in the context of this case. As discussed above, OFBF and Federal Defendants both share the same "ultimate objective" *in this litigation*—they want the specific plan at issue in this case to move forward at this time. The fact that OFBF has narrower interests than Federal Defendants *in general* does not matter; were that determinative, private parties that benefit from challenged governmental actions could almost always intervene on the side of the government, which is simply not the case. *Prete*, 438 F.3d at 957.

Second, OFBF completely ignores the existence of OWUC—another water user group that has an identical interest to OFBF in this litigation. Where there are multiple proposed

intervenors, it is appropriate to give preference to the first to seek intervention and measure the adequacy of representation for later proposed intervenors taking the first intervenor into account. *See supra* n.1. As discussed above, OFBF and OWUC have precisely the same interests in the timing of the reallocation plan, which is all that is at issue in this case. Accordingly, both intervenors share the same "ultimate objective" with respect to this litigation.

Because OFBF shares the same "ultimate objective" as Federal Defendants and OWUC, it is entitled to intervene as of right only if it can make a "compelling showing of inadequacy of representation." *Citizens for Balanced Use*, 647 F.3d at 898. This it cannot do. Typically, in order for a proposed intervenor to make a "compelling showing" that existing parties with the same ultimate objective cannot adequately represent its interests, the proposed intervenor must show that there is some reason to doubt the willingness or ability of those existing parties to vigorously pursue their shared litigation objective. *Id.* at 899–901; *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305–07 (9th Cir. 1997). In cases where proposed intervenors seek to intervene on the side of the government, this usually means showing that the government has adopted the action or policy challenged in the case reluctantly or only as a result of litigation. *See Citizens for Balanced Use*, 647 F.3d at 899 (intervenors made a "compelling showing" of inadequacy where the agency defendant had "reluctantly adopted the [challenged policy] in response to successful litigation the [intervenors] themselves brought, and . . . the [agency] now s[ought] to overturn on appeal the very court decision that forced it to adopt the [policy]"); *see also id.* at 899–900 (discussing other similar cases).

Here, there is simply no indication that Federal Defendants "cannot be counted on" to mount a vigorous defense of their decision to push forward the reallocation plan at this time—on the contrary, "their actions suggest precisely the opposite conclusion." *Wilson*, 131 F.3d at 1306

(citation, quotation, and alteration omitted). In particular, the U.S. Army Corps of Engineers ("Corps") did not stop pursuing reallocation when it reinitiated consultation with the National Marine Fisheries Service ("NMFS") in 2018 over the entire Willamette Project, despite the fact that it had put reallocation on pause in the past under similar circumstances, *see* Pls.' Memo. in Support of PI Motion (ECF No. 7) at 8–17; the Corps has ignored the advice of NMFS and the pleas of many conservation organizations, including Plaintiffs, to put the reallocation plan on hold pending the completion of consultation, *see id.* at 11–18; and the Corps responded to Plaintiffs' notice-of-intent-to-sue letter by reaffirming its intent to move forward with the plan, *see* Ex. 1. As for OWUC, it intervened specifically for the purpose of seeing the plan move forward, and it is implausible that OWUC would be unwilling or unable to vigorously pursue that objective in the litigation. In short, OFBF cannot make anything close to a "compelling showing" that Federal Defendants and/or OWUC will not adequately represent OFBF's interests in this case.

## II.   Plaintiffs Do Not Oppose OFBF's Application for Permissive Intervention, Provided Certain Restrictions Are Placed on OFBF's Participation

Plaintiffs recognize that a court may grant permissive intervention even if a proposed intervenor does not have the right to intervene, and they do not oppose such permissive intervention for OFBF for the summary judgment phase of this case. They do, however, oppose OFBF's participation at the preliminary injunction stage due to the increased burden it would impose during this expedited phase of the case.

"[I]t is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 352–53 (5th Cir. 1997); *see also Bark v. Northrup*, No. 3:13-cv-01267-HZ, 2013 WL 6576306, at *1, *7 (D. Or. Dec. 12, 2013) (granting intervention as of right with limitations on

participation). Such conditions or restrictions should be "responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24(a) advisory committee notes (1966 amendment). And "virtually any condition may be attached to a grant of permissive intervention"—because "the court has discretion to refuse intervention altogether, it also may specify the conditions on which it will allow the applicant to become a party." *Beauregard, Inc.*, 107 F.3d at 352 n.2 (citation and quotation omitted); *accord Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011). Consistent with those principles, courts routinely place reasonable limits on intervenors' participation in order to ensure efficient, orderly, and just proceedings. *See, e.g.*, *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 373 (1987) (describing conditions placed on a permissive intervenor).

Plaintiffs oppose OFBF's intervention in the ongoing preliminary injunction proceedings, because "the addition of still more parties would complicate" those proceedings, which "badly need to be expedited." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). As discussed in Plaintiffs' memorandum supporting their motion for a preliminary injunction, there is a serious need for quick preliminary injunctive relief in this case. *See* Pls.' Memo. in Support of PI Motion (ECF No. 7) at 16–17, 32–33. The addition of another party to the preliminary injunction proceedings would mean yet another response to the preliminary injunction motion for the Court to review and Plaintiffs to respond to on an expedited timeline. Adding OFBF would require Plaintiffs to respond to potentially 100 pages of briefing in two weeks' time. That added burden is unjustifiable given the overlap between OFBF's objectives in this case and the objectives of Federal Defendants and OWUC. That overlap makes it likely that OFBF will make arguments duplicative of those raised by Federal Defendants and OWUC. *See W. Watersheds Project v. Zinke*, Case No. 1:18-cv-00187-REB,

2019 WL 321398, at *1–*2 (D. Idaho Jan. 23, 2019) (noting the "inordinate additional workload . . . place[d] upon the Court and any opposing party" by allowing intervenors with the same "ultimate litigation objective" as existing parties to make duplicative arguments), *appeal filed sub nom. W. Watersheds Project v. Bernhardt* (9th Cir. Apr. 1, 2020). Allowing OFBF to intervene in the preliminary injunction proceedings would do little, if anything, to aid the Court's consideration of the issues relevant at this stage of the case while increasing the burden on both the Court and Plaintiffs.

Moreover, Plaintiffs' requested preliminary injunction would simply maintain the status quo until the merits of the case could be decided. In other words, the existing allocation that has been in place for years would remain in place for another 6–12 months, which would therefore maintain the current amount allocated to irrigation users—which is not fully being used. *See* Domingue Decl. (ECF No. 8) ¶ 12 (noting contracts for agricultural irrigation not using full amount of storage designated for that use). A short pause of the allocation process to litigate the merits of the case would not alter current irrigation use.

However, Plaintiffs do *not* oppose OFBF's intervention for post-preliminary injunction proceedings, provided the Court imposes restrictions to reduce the burden of having multiple intervenors. Once the immediate threat of the Corps' reallocation plan being approved has passed, it will be possible for the parties to agree to a schedule to resolve the merits of the case that can accommodate both OWUC and OFBF. To avoid the burden to the Court and Plaintiffs from three sets of full-length briefs from Federal Defendants and two intervenors, Plaintiffs request that intervenors either file one combined summary judgment brief or each file briefs limited to 20 pages or less. *See, e.g.*, *Cal. Sea Urchin Comm'n v. Jacobsen*, CV 13-05517 DMG (CWx), 2013 WL 12114517, at *6 (C.D. Cal. Oct. 2, 2013) (requiring intervenors to file joint

briefs "to avoid duplication, inefficiency, and undue burden on the Court's and the parties' resources"), *judgment rev'd on other grounds sub nom. Cal. Sea Urchin Comm'n v. Bean*, 828 F.3d 1046 (9th Cir. 2016). The nearly identical interests of the two intervenors and Federal Defendants in this litigation will lead to a great deal of redundancy of argument, and this limitation will reduce the burden such redundancy has on Plaintiffs and the Court.

If the Court grants OFBF permission to intervene—or if the Court decides that OFBF has a right to intervene[2]—Plaintiffs ask that intervention be limited to post-preliminary injunction proceedings with limitations on intervenors' briefing. Such limitations would serve to ensure the "efficient conduct of the proceedings." Fed. R. Civ. P. 24(a) advisory committee notes (1966 amendment).

### III.    If the Court Allows OFBF to Participate at the Preliminary Injunction Stage, Plaintiffs Request Additional Space in Their Preliminary Injunction Reply

If the Court does decide to allow OFBF to participate at the preliminary injunction stage, Plaintiffs ask the Court for permission to file a reply of **40 pages** to the responses filed by Federal Defendants, OWUC (assuming it is permitted to intervene), and OFBF. *See Ctr. for Biological Diversity v. Kelly*,  No. 1:13-CV-00427-EJL-CWD, 2014 WL 3445733, at *2 (D. Idaho July 11, 2014) (giving the plaintiffs permission to "seek leave of the Court to file a limited number of additional pages in its reply briefing to address the briefing filed by the intervening parties").

---

[2] If the Court decides to allow OFBF to intervene by permission under Rule 24(b), it need not decide whether OFBF is entitled to intervene as of right under Rule 24(a). *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989); *Puget Soundkeeper Alliance v. Pruitt*, No. C15-1342-JCC, 2018 WL 3569862, at *2 (W.D. Wash. July 25, 2018).

PARTIAL OPPOSITION TO OREGON FARM BUREAU'S MOTION TO INTERVENE      8

## CONCLUSION

OFBF is not entitled to intervene as of right, but Plaintiffs do not oppose the Court granting OFBF permissive intervention, provided that OFBF is allowed to participate only after the conclusion of preliminary injunction proceedings. If OFBF is permitted to participate in later stages of this case, restrictions should be placed on OFBF and OWUC's briefing to reduce redundancy. Such restrictions on OFBF's participation are necessary to ensure the just and efficient completion of the preliminary injunction stage (and later stages) of this case. If the Court does allow OFBF to intervene at the preliminary injunction stage, Plaintiffs ask for permission to file a 40-page reply.

Dated: April 14, 2020                    Respectfully submitted,

_/s/ Andrew R. Missel_
Lauren M. Rule (OSB # 015174)
Elizabeth H. Potter (OSB # 105482)
Andrew R. Missel (OSB # 181793)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave, Suite B
Portland, OR  97202
Tel: (503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org
amissel@advocateswest.org

PARTIAL OPPOSITION TO OREGON FARM BUREAU'S MOTION TO INTERVENE    9