Lauren M. Rule (OSB # 015174)
Elizabeth H. Potter (OSB # 105482)
Andrew R. Missel (OSB # 181793)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org
amissel@advocateswest.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **WATERWATCH OF OREGON**, **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, and **WILDEARTH GUARDIANS**, | **Case No.: 3:20-cv-413-HZ** |
| Plaintiffs, | |
| v. | **MOTION TO STAY PROCEEDINGS** |
| **U.S. ARMY CORPS OF ENGINEERS** and **R.D. JAMES, in his official capacity as Assistant Secretary of the Army (Civil Works)**, | |
| Federal Defendants, | |
| and | |
| **OREGON WATER UTILITY COUNCIL** and **OREGON FARM BUREAU FEDERATION**, | |
| Intervenors-Defendants. | |

MOTION TO STAY PROCEEDINGS

## MOTION TO STAY PROCEEDINGS

On July 29, 2020, the House of Representatives approved—with modifications favorable to Plaintiffs' interests—the U.S. Army Corps of Engineers' ("Corps") plan to reallocate the water stored in the Willamette River Basin Flood Control Project.[1] *See* Water Resources Development Act of 2020, H.R. 7575, 116th Cong. §§ 401–02 (as passed by House, July 29, 2020). Given this development and the Senate Committee on Environment and Public Works' previous passage of a water resources development bill, *see* ECF No. 39, it is likely that Congress will soon consider and pass a Water Resources Development Act ("WRDA") that includes authorization for Willamette Project reallocation. Plaintiffs hereby request that this Court stay proceedings in this case until either (1) such a bill is passed and signed into law by the President, (2) it becomes clear that such a bill will not be passed by Congress during this term or that authorization of reallocation will not be included in such a bill, or (3) the modifications to the reallocation plan are changed or removed from the bill. Federal Defendants and Intervenor Oregon Farm Bureau Federation have indicated that they are not prepared to consent to the relief sought herein at this time and plan to respond to this motion. Intervenor Oregon Water Utility Council does not plan to file a response to this motion, but does share the concerns of Federal Defendants and Intervenor Oregon Farm Bureau Federation.

---

[1] As Plaintiffs showed in their preliminary injunction papers, such modifications are exceedingly rare—Congress almost always authorizes the Corps' water resources developments proposals "as is." Pls.' Memo. in Support of PI Mot. (ECF No. 7) at 19–20; Pls.' Reply (ECF No. 36) at 7–10. Here, though, it appears that, in response to an effort by Plaintiffs and other conservation organizations, Congress is poised to make some modifications to the proposed reallocation plan to protect endangered fish species.

## MEMORANDUM IN SUPPORT

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Inc.*, 593 F.2d 857, 863 (9th Cir. 1979). It is not necessary that the independent proceedings be "controlling of the action before the court." *Id.* at 863–64. When deciding whether to grant a stay, a court considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time . . . ." *Leyva*, 593 F.2d at 864.

Here, a stay would advance "the orderly course of justice" without doing damage to anyone, because it is likely that "other proceedings"—Congress's approval of the modified reallocation plan—will soon resolve the dispute between the parties as a practical matter. Though the reallocation plan, as modified, does not address all of Plaintiffs' concerns, it is an improvement over the plan as originally proposed. For one thing, the modified plan allows the Corps to alter the allocated water storage volumes somewhat as part of the ongoing Endangered Species Act ("ESA") consultation over the Willamette Project as a whole. H.R. 7575, 116th Cong. § 402(b)(2)–(3) (as passed by House, July 29, 2020). And the modified plan expressly provides that the Corps must comply with the 2019 Reallocation BiOp "until such time, if any, as it is modified or replaced, in whole or in part, through the [ESA] consultation process," *id.*

MOTION TO STAY PROCEEDINGS                                                      2

§ 402(b)(1), which should ensure that the Corps will prioritize water for fish in drought years. *See* Pls.' Memo. in Support of Mot. for PI (ECF No. 7) at 13–16, 24–25 (explaining how the Corps' plan, as originally proposed, was inconsistent with the 2019 Reallocation BiOp). These changes will provide some flexibility for the Corps and the National Marine Fisheries Service as they develop measures to protect fish as part of the ongoing ESA consultation over the Willamette Project, lessening to some degree the prejudicial effect of the Corps' decision to move forward with reallocation at this time. Though Plaintiffs do not concede that the passage of a WRDA containing the modified reallocation plan would moot their ESA claim in a technical sense, they acknowledge that such an event would resolve the claim as a practical matter.

In light of the strong possibility that the claim in this case will soon effectively be resolved, a stay would help "provide for the prompt and efficient determination of the cases pending before" this Court, *Leyva*, 593 F.2d at 863, by ensuring that the Court does not needlessly expend resources resolving the complex legal issues in this case. And the requested stay is of reasonable duration, as the parties will know within a few months (by January 2021 at the latest) whether Congress intends to alter the current language of the House bill or determines not to pursue the legislation at all, at which point Plaintiffs would seek to resume the case; or whether Congress passes the current proposed bill and effectively resolves the case. For these reasons, Plaintiffs request that this Court stay proceedings in this case. If a stay is granted, the parties will file with the Court a joint report every 60 days informing the Court of the status of WRDA legislation.

Dated: August 5, 2020                               Respectfully submitted,

                                                    */s/ Andrew R. Missel*
                                                    Lauren M. Rule (OSB # 015174)
                                                    Elizabeth H. Potter (OSB # 105482)
                                                    Andrew R. Missel (OSB # 181793)
                                                    ADVOCATES FOR THE WEST
                                                    3701 SE Milwaukie Ave., Ste. B
                                                    Portland, OR 97202
                                                    Tel: (503) 914-6388


                                                    Attorneys for Plaintiffs

MOTION TO STAY PROCEEDINGS                                                    4