JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHAEL R. EITEL, Senior Trial Attorney
KAITLYN POIRIER, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-1050
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **WATERWATCH OF OREGON, et al.,** | Case No. 3:20-cv-00413-HZ |
| Plaintiffs, | |
| v. | **RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS (ECF 43)** |
| **U.S. ARMY CORPS OF ENGINEERS, et al.,** | |
| Defendants. | |

Plaintiffs in this case argue that emergency conditions warrant the Court granting the extraordinary relief of a preliminary injunction. ECF 7. Without withdrawing that preliminary injunction motion, they now ask the Court to stay the case for the very reason the government opposed the motion—Congress, not the U.S. Army Corps of Engineers, is responsible for any legislation that may benefit or harm Plaintiffs. ECF 43 at 2. As the government discussed in our preliminary injunction opposition, and as reinforced by the motion to stay, Plaintiffs lack Article

III standing because any injury to them, if at all, is caused by Congress and not the Corps. *See* ECF 23 at 22-25, 31. In this situation, the Court properly may dismiss the case for lack of jurisdiction; it need not delay resolution of this case by granting a stay. Fed. R. Civ. P. 12(h)(3); *cf. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005).

If the Court considers a stay, the government ultimately does not object to entry of a stay. Plaintiffs represent that Congress may take action that would cause them to dismiss their case, *see* ECF 43 at 2-3, which would render future litigation unnecessary and thus conserve the Court's and the parties' resources. In granting a stay, however, the Court should modify Plaintiffs' request in three ways.

First, the Court should deny Plaintiffs' motion for preliminary injunction before entering a stay. Plaintiffs' motion to stay is legally and factually incompatible with a preliminary injunction motion that requests emergency relief to avoid imminent irreparable harm. *See Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 91 (D.D.C. 2014) ("The plaintiffs, by their actions in seeking to prolong the briefing and hearing on their motion for a preliminary injunction, have demonstrated that any alleged harm lacks the urgency and immediacy required to grant the extraordinary relief the plaintiffs' request."). And denial of the preliminary injunction motion allows for future injunction motions, if any, to reflect accurate and updated information. *See* ECF 43 at 1 n.1 (acknowledging that Plaintiffs' factual predictions in their preliminary injunction motion are not coming to fruition).

Second, the Court should specify a definite duration to the stay. Plaintiffs offer three imprecise conditions under which the stay could expire. ECF 43 at 1. This vagueness is unnecessary because the Court can order that the stay expire after the current session of Congress—on January 4, 2021. This duration tracks Plaintiffs' reasons for a stay, which is that

Congress may "practically" moot the controversy this term. *Id.* at 3. This definite duration for a stay also does not injure Plaintiffs because they can move to lift the stay if they believe that the facts warrant lifting the stay.

Third, the Court should decline Plaintiffs' offer for "the parties" to file status reports every 60 days. ECF 43 at 3. Status reports are unnecessary; either Congress acts in a way that Plaintiffs believe practically moots their case, or it does not. In any event, Plaintiffs alone should file the status reports because it is their views on the actions of Congress that dictate whether they intend to dismiss their own case.

For all these reasons, Federal Defendants believe the Court should simply dismiss this case for lack of jurisdiction. But, if the Court grants the stay, it should enter a stay under the conditions set forth above.


DATED: August 7, 2020          JEAN E. WILLIAMS
                               Deputy Assistant Attorney General
                               SETH M. BARSKY, Chief
                               S. JAY GOVINDAN, Assistant Chief

                               */s/ Michael R. Eitel*
                               MICHAEL R. EITEL, Senior Trial Attorney
                               KAITLYN POIRIER, Trial Attorney
                               U.S. Department of Justice
                               Environment & Natural Resources Division
                               Wildlife & Marine Resources Section
                               Ben Franklin Station, P.O. Box 7611
                               Washington, D.C. 20044-7611
                               Telephone: (202) 598-1050
                               Facsimile: (202) 305-0275
                               Email: kaitlyn.poirier@usdoj.gov; michael.eitel@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service upon on all Parties enrolled to receive that notice.

*/s/ Michael R. Eitel*
Michael R. Eitel, Trial Attorney
U.S. Department of Justice