Kirk B. Maag, OSB No. 105507
kirk.maag@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Intervenor-Defendant Oregon Farm Bureau Federation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WATERWATCH OF OREGON, NORTHWEST ENVIRONMENTAL DEFENSE CENTER, and WILDEARTH GUARDIANS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS and R.D. JAMES, in his official capacity as Assistant Secretary of the Army (Civil Works),<br><br>　　　　　Defendants. | Case No.: 3:20-CV-00413-HZ<br><br>OREGON FARM BUREAU FEDERATION'S RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS |

　　　　Plaintiffs moved for a preliminary injunction that would have required the Federal Defendants—the U.S. Army Corps of Engineers ("Corps") and the Assistant Secretary of the Army (Civil Works)—to "disavow and/or rescind" the Chief's Report submitted to Congress

regarding the reallocation of water stored at the Willamette Project, and to refrain "from taking any other steps to implement" the Reallocation Plan. (Dkt. #7 at 2.) As part of that motion, Plaintiffs insisted—over the objections of the Federal Defendants, Oregon Farm Bureau Foundation ("OFBF"), and the Oregon Water Utility Council ("OWUC")—that absent preliminary injunctive relief from this Court, the mere submission of the Chief's Report to Congress caused Plaintiffs irreparable harm.

Now, after the parties fully briefed the preliminary injunction motion and the Court held oral argument, Plaintiffs do an about face. Apparently encouraged by the wording inserted by the United States House of Representatives in the Water Resources Development Act of 2020, H.R. 7575, Plaintiffs are no longer concerned about the "irreparable harm" caused by the Chief's Report.[1] Stated differently, it no longer suits Plaintiffs to use this lawsuit as a misguided tool to delay Congressional action.

Plaintiffs' motion to stay reflects the fundamental flaw in their entire case: They lack Article III standing because any injury to their interests, if at all, will be caused by Congress, not by the Corps. OFBF joins the request of the Federal Defendants that the Court dismiss the case for lack of jurisdiction (Dkt. #44 at 2). Alternatively, Plaintiffs should voluntarily dismiss their Complaint pursuant to FRCP 41(a)(1)(A)(i) so as not to further consume the time and resources of the parties and this Court. See Dkt. #43 at 2 (representation by Plaintiffs that "it is likely that . . . Congress's approval of the modified reallocation plan . . . will soon resolve the dispute between the parties as a practical matter").

---

[1] As OFBF highlighted in its response to plaintiffs' preliminary injunction motion, it is not surprising that Congress would choose different terms for the Reallocation Plan than recommended in the Chief's Report because Congress has often modified the Corps' recommendations as part of its authorizing legislation. (Dkt. #33, OFBF Response at 18-19.)

Page 2   -   OREGON FARM BUREAU FEDERATION'S RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS

In the alternative, if the Court is inclined to consider granting Plaintiffs' motion to stay, the Court should deny Plaintiffs' motion for preliminary injunction before entering a stay. As the Federal Defendants point out, Plaintiffs' request for a stay of this litigation is fundamentally incompatible with their request for immediate injunctive relief. (*See* Dkt. #44 at 2.)[2] *See Fyock v. Sunnyvale*, 779 F.3d 991, 996 n.2 (9th Cir. 2015) (party's stipulation to stay of underlying action during pendency of appeal from ruling denying preliminary injunction made it "unlikely" that the party "could make the requisite showing of irreparable harm to support the issuance of a preliminary injunction"). Indeed, Plaintiffs' admission that Congress can modify the reallocation plan contained in the Chief's Report—and that the House has done so—is tantamount to an admission that the Chief's Report itself does not cause Plaintiffs any irreparable harm.

For the above reasons, OFBF joins the Federal Defendants' request that the Court dismiss the case for lack of jurisdiction or, alternatively, deny Plaintiffs' pending preliminary injunction motion prior to entry of any stay of the underlying case.

DATED:  August 12, 2020.

STOEL RIVES LLP

/s/ *Crystal S. Chase*
KIRK B. MAAG, OSB No. 105507
kirk.maag@stoel.com
CRYSTAL S. CHASE, OSB No. 093104
crystal.chase@stoel.com
Telephone:  503.224.3380

Attorneys for Intervenor-Defendant Oregon
 Farm Bureau Federation

---

[2] OFBF further supports the stay modifications proposed by the Federal Defendants:  Any stay should be of limited and definite duration, and requiring the parties to submit interim status reports is unnecessary.

Page 3   -   OREGON FARM BUREAU FEDERATION'S RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS