Lauren M. Rule (OSB # 015174)
Elizabeth H. Potter (OSB # 105482)
Andrew R. Missel (OSB # 181793)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org
amissel@advocateswest.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WATERWATCH OF OREGON**, **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, and **WILDEARTH GUARDIANS**, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. ARMY CORPS OF ENGINEERS** and **R.D. JAMES, in his official capacity as Assistant Secretary of the Army (Civil Works)**, <br><br> Federal Defendants, <br><br> and <br><br> **OREGON WATER UTILITY COUNCIL** and **OREGON FARM BUREAU FEDERATION**, <br><br> Intervenors-Defendants. | Case No.: 3:20-cv-413-HZ <br><br><br> **REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS** |

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Federal Defendants and Intervenor Oregon Farm Bureau Federation ("OFBF") have filed responses to Plaintiffs' motion to stay proceedings in this case. ECF Nos. 44 (Federal Defendants' Response), 45 (OFBF's Response). In those responses, Federal Defendants and OFBF argue somewhat half-heartedly that this Court should simply dismiss this entire case for lack of subject-matter jurisdiction rather than grant a stay. Fed. Defs.' Resp. at 1–2; OFBF Resp. at 2. In the alternative, they ask this Court to deny Plaintiffs' preliminary injunction motion before staying the case. Fed. Defs.' Resp. at 2; OFBF Resp. at 3. This Court should do neither. Instead, this Court should simply stay the case in its existing posture until the end of the current term of Congress or until circumstances change such that the reason for a stay ceases to exist.

Federal Defendants and OFBF first argue that this Court should dismiss this case for lack of subject matter jurisdiction rather than grant a stay. This completely ignores the fact that one of the key benefits of a stay is that it would likely obviate the need for the Court to even decide the knotty jurisdictional issues presented by this case.[1] Resolving those complex issues now—when it is very likely that events will soon transpire that will make their resolution unnecessary— would not be "efficient for [the Court's] own docket." *Leyva v. Certified Grocers of Cal., Inc.*, 593 F.2d 857, 863 (9th Cir. 1979).

---

[1] Although this Court must determine whether it has subject matter jurisdiction before granting relief on the *merits*, it need not decide whether it has subject matter jurisdiction "before taking measures pursuant to its inherent power to manage its docket," including the issuance of a stay. *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 277–80 (D.D.C. 2016); *Lee v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01164-RCJ, 2012 WL 4795658, at *1 (D. Nev. Oct. 8, 2012). Indeed, courts may address a host of "threshold, non-merits issue[s]" before determining whether they have subject matter jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432–33 (2007) (holding that courts may dismiss cases on *forum non conveniens* grounds without first determining subject matter jurisdiction).

REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS                                                                                       1

Moreover, neither Federal Defendants nor OFBF takes into account the procedural posture of this case. Plaintiffs' motion for a preliminary injunction is the sole substantive motion pending, and its resolution does not require this Court to rule definitively on the justiciability issues presented by this case. Courts considering preliminary injunction motions regularly make preliminary assessments of threshold jurisdictional issues, subject to revision at later stages of the case. *See Cal. Ass'n of Private Postsecondary Schools v. DeVos*, 344 F. Supp. 3d 158, 180–83 & 182 n.6 (D.D.C. 2018) (denying a preliminary injunction because the plaintiffs failed to establish standing "[a]t least at this stage of the proceeding," but leaving open the possibility that the plaintiffs could establish standing at summary judgment), *subsequent judgment appealed*, No. 20-5080 (D.C. Cir. Apr. 8, 2020). Thus, even if this Court is not persuaded that Plaintiffs have established subject matter jurisdiction for purposes of their preliminary injunction motion, dismissal of the entire case would be unwarranted.

Federal Defendants and OFBF next argue that, if this Court does decide to stay the case, it should deny Plaintiffs' preliminary injunction motion before entering the stay.[2] Both Federal Defendants and OFBF contend that Plaintiffs' preliminary injunction motion is somehow incompatible with their request for a stay, justifying denial of the motion before entry of a stay. Fed. Defs.' Resp. at 1–2; OFBF Resp. at 2–3. As with so many of their arguments in this case, Federal Defendants' and OFBF's arguments on this point betray a tenuous grasp of both the legislative process and the nature of uncertainty. At the time Plaintiffs filed their preliminary injunction motion, neither the House of Representatives nor the Senate had considered a draft

---

[2] Federal Defendants state that they "ultimately do[] not object to entry of a stay" if this Court considers a stay rather than dismissing the case, provided the Court "modif[ies] Plaintiffs' request in three ways," including by denying the preliminary injunction motion before entering a stay. Fed. Defs.' Resp. at 2. As discussed *infra*, Plaintiffs do not object to the other two modifications proposed by Federal Defendants.

REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS                                                                 2

WRDA bill. Plaintiffs' argument was that, absent intervention by this Court, any WRDA bill would almost certainly authorize the Corps' reallocation plan as proposed. Pls.' Memo. in Support of PI Mot. (ECF No. 7) at 32–33. Now, nearly five months later (and undoubtedly due in part to this litigation), it appears very likely that Congress will approve a modified version of the reallocation plan that is less harmful to Plaintiffs' interests than the original plan. Pls.' Mot. to Stay (ECF No. 43) at 1. Thus, *as of this moment*, a stay is appropriate.

However, things could change that would renew the need for a preliminary injunction. In particular, although it is not likely, the modifications to the reallocation plan in the WRDA bill might be removed or altered in the coming months, at which point Plaintiffs would again pursue immediate relief from this Court. Given that Plaintiffs' preliminary injunction motion is fully briefed and argued, it would make no sense to deny that motion now, forcing Plaintiffs to file a nearly identical version[3] in the event that the reallocation modifications are removed from WRDA. Instead, as a matter of administrative convenience, the Court should simply allow the preliminary injunction motion to remain pending during the stay.[4] *See M.M.M. on behalf of J.M.A. v. Sessions*, 318 F. Supp. 3d 310, 312 (D.D.C. 2018) (holding a preliminary injunction motion in abeyance pending proceedings in a related case); *Washington v. Azar*, 426 F. Supp. 3d 704, 708 (W.D. Wash. 2019) (discussing how the court had held a preliminary injunction motion in abeyance after the government agreed to postpone the challenged action), *appeal filed*, No. 20-35044 (9th Cir. Jan. 21, 2020).

---

[3] To be sure, the changed circumstances might necessitate some additional briefing, but the basic outlines of Plaintiffs' arguments would remain the same.

[4] If this Court decides to deny the preliminary injunction motion before entering a stay, the denial should be explicitly on the ground of changed circumstances and without prejudice to renewal in the event that circumstances change once again.

Federal Defendants raise two other objections to Plaintiffs' request: they argue that "the Court should specify a definite duration to the stay," Fed. Defs.' Resp. at 2–3, and they object to the filing of joint status reports, *id.* at 3. Plaintiffs do not oppose the entry of a stay with a definite duration (until January 4, 2021), provided that Plaintiffs are allowed to move to lift the stay before then in the event of changed conditions, including removal of or changes to the modifications to the reallocation plan included in H.R. 7575. As for the issue of status reports, Plaintiffs would be happy to file status reports without the involvement of the other parties, if the Court so desires.

In sum, as Plaintiffs explained in their motion, briefly staying this case in its current posture is the most efficient path for the Court and the parties at this time. If the current WRDA language is passed by Congress and signed into law, Plaintiffs will take steps to have this case voluntarily dismissed. If, however, the language changes to Plaintiffs' detriment, they will renew their preliminary injunction request. In that instance, building off of the existing briefing and argument would be by far the most efficient path forward. Federal Defendants' and OFBF's proposals would make unnecessary additional work for the Court and the parties. Accordingly, Plaintiffs respectfully request the Court grant its motion for a stay.

Dated: August 20, 2020

Respectfully submitted,

*/s/ Andrew R. Missel*
Lauren M. Rule (OSB # 015174)
Elizabeth H. Potter (OSB # 105482)
Andrew R. Missel (OSB # 181793)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Ste. B
Portland, OR 97202
Tel: (503) 914-6388

Attorneys for Plaintiffs